ALICE J. CUNNINGHAM, AN INFANT, BY WILLIAM J. CUNNINGHAM, HER GUARDIAN, RESPONDENT, *v.* GREEN WRIGHT, APPELLANT.

*Negligence — injury occasioned by an obstruction of the street — when the defendant may show that he obstructed the street by direction of the city authorities, while performing work for the city under a contract.*

The complaint alleged that the defendant, by himself and his servants, wrongfully removed and carried away a large number of stones from Third avenue in the city of New York, and wrongfully and unlawfully placed and piled the same on the north side of One Hundred and Fortieth street, directly in front of the land and dwelling-house of the plaintiff's father, and wrongfully, unlawfully, carelessly, recklessly and negligently placed one of them upon its side or end; that the plaintiff, an infant, of about the age of eleven years, while playing marbles upon the pile of stones, was injured by the falling upon her of the stone so placed upon its side.

In this action, brought by her to recover the damages thereby occasioned, the defendant alleged in his answer and offered to prove upon the trial that he tore up and removed the stones from Third avenue in pursuance of a contract made with the city for the repaving and regrading of the avenue; that he piled the stones in One Hundred and Fortieth street during the progress of the work in pursuance of a provision of the contract authorizing him so to do, and pursuant to directions of the department of public works and the engineer in charge of the work.

*Held,* that the court erred in refusing to allow him to prove the facts so alleged. (BRADY, J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury and from an order denying a motion for a

new trial, made upon the minutes of the justice before whom the action was tried.

· The plaintiff claimed damages for injuries to her person, arising from the alleged negligence of the defendant. The plaintiff is a minor child, eleven years of age. At the time of the injury she resided with her father, who lived in his own dwelling-house, situated on the north side of One Hundred and Fortieth street, West of Third avenue, in the city of New York.

The defendant's servants placed some stones in One Hundred and Fortieth street, directly in front of the house owned and occupied by the plaintiff's father, leaving them piled up by the curbstone on that side of the street. The plaintiff, while in the street, engaged with her sister in playing a game of marbles on the pile of stones, was injured, having her thigh bone broken by the falling of one of the stones in the heap.

The plaintiff recovered a verdict for the sum of $500. The defendant moved for a new trial, on the judge's minutes, which was denied. Judgment being entered, the defendant appealed from the same, and from the order denying a new trial.

*Hall, Brown & Westcott,* for the appellant.

*A. J. Rogers,* for the respondent.

BARKER, J.:

The evidence received on the trial fully sustains the verdict, and establishes wrongful acts on the part of the defendant, beyond all reasonable controversy. It also tende 1 to prove very strongly, if it did not fully establish, that the plaintiff herself was free from all negligence, which contributed to the injuries which she received.

The damages were assessed at a very moderate sum, in view of the painful and serious nature of the injury which the plaintiff received.

The defendant complains that material and important evidence, bearing directly on the question of his own negligence, was offered by him on the trial, and the same was by the learned judge excluded, and for that reason he demands that the judgment be reversed and a new trial granted.

The complaint, in setting forth the negligent acts of the defend-

ant, avers that on the 19th day of June, 1879, the defendant, by himself and his servants, wrongfully removed and carried away a large number of stones from Third avenue, and wrongfully and unlawfully placed and piled the same on the north side of One Hundred and Fortieth street, directly in front of the land and dwelling-house of William J. Cunningham, and against and close up to the sidewalk of the street on the land of said William J. Cunningham, and wrongfully, unlawfully, carelessly, recklessly and negligently placed one of them upon the side or end, containing about three and one-half cubic feet, and weighing about 600 pounds — in length about four feet and five inches, and in width about two feet, and in thickness about four inches — and that by reason of such wrongful, unlawful and negligent conduct of the defendant and his servants, said stone fell over and injured the plaintiff.

The complaint does not contain any other or further averment as to the business in which the defendant was engaged, nor the circumstances connected with the removal of the stones from Third avenue and placing them on One Hundred and Fortieth street, in front of the premises occupied by the plaintiff's father.

The defendant, in his answer, admits that he was at the time mentioned and immediately preceding the accident, by himself and his servants, engaged in regrading and repaving Third avenue, and while so engaged he removed and carried away from the avenue many large stones of heavy weight, which were used in said avenue for sidewalks and cross-walks, and laid them down at the place mentioned. But he expressly denies that he unlawfully, wrongfully or carelessly did the same.

The defendant then sets up, in his answer, as a defense and justification for his action in removing the stones, a contract entered into between himself and the city for the grading of Third avenue, the particulars of which will be hereinafter mentioned.

The plaintiff rested her case without presenting any proof whatever as to the relation which the defendant held to the public while engaged in removing the material in the road bed of Third avenue to One Hundred and Fortieth street, which intersects the same.

The defendant offered in evidence a contract between himself and the city by the terms of which he engaged to regrade and repave Third avenue.

Among the provisions of the contract were the following: The defendant was to do the regrading of Third avenue, and such work upon the cross and intersecting streets as should be ordered by the department of public works, and to furnish such new material as was necessary to do and complete the work according to specifications annexed to the contract, the paving stone, bridge or crossing stone, curb-stones and flag-stones of the sidewalks in the avenue to be taken up, in such section or sections as may be directed, and the materials piled on the opposite side of the avenue and along the side of the intersecting or cross streets, in the manner, and in such position and proportions, in the respective places, as should be directed by the department of public works; the contract also contained provisions permitting the placing and storing, temporarily, the material taken up in Third avenue, at such points and sections in the avenue and on the cross streets, including One Hundred and Fortieth street, at such points and places as should be designated by the engineer on the works, representing the city, and there to remain until it was determined whether they were to be used or not in the work of regrading and repaving Third avenue, and if not so used, then to be carried away out of the street.

In connection with this offer to prove the contract and read the same in evidence the defendant offered to prove that, in pursuance of this contract, the defendant took up the paving-stones, curb and gutter-stones, in accordance with the contract and under the directions of the engineer in charge of the work under the contract, and piled the same in the side streets under the directions of the engineer in charge, in the manner and in the position and proportions in the respective places as were directed by the department of public works. The plaintiff objected to these offers of proof on the ground that the same was incompetent evidence as against the plaintiff, and the objections were sustained and the defendant excepted.

It was a manifest error to reject the proofs proposed by the defendant. The facts which he offered to prove would have changed the nature and character of the defendant's liability to the plaintiff, if they would not have constituted a complete bar to a recovery.

Upon a case, as the defendant sought to establish it by this offer,

it would then have been made to appear that he was engaged in a lawful act, that of grading and repaving a public street under a contract with the proper authorities, and that he had the consent and permission of the city to place the stone where they were for a temporary purpose, a permit which could be lawfully given by the city as against the rights of the plaintiff and her father to use the street. If he was not guilty of any neglect in this respect, and exercised due care and skill in placing the stone in position as they were left, there to remain until they were replaced in Third avenue, or removed from the streets altogether, then he would not be liable to the plaintiff.

Having been denied this proof his liability was to be determined by the court and jury upon the facts proved by the plaintiff. His conduct being judged and determined by the facts thus proved, it was made to appear that he was engaged in an unlawful act of the most dangerous character to travelers, and making a portion of the streets of a great city impassable.

It appears that the learned judge in his charge to the jury sought to test the defendant's liability by making a statement to the jury of some of the general principles which are applicable to cases of negligence, but that did not cure the error. It was the right of the defendant, under the issue, to show the relation which he held to the public when he did the acts complained of, and the terms of the contract, and under whose directions he piled up the stones which tumbled down and injured the plaintiff. He was charged in the complaint with doing a wrongful, unlawful and negligent act, which caused injury to the plaintiff. This allegation was fully maintained by proving that he tore up the pavements, and placed the material where he did.

Such acts, if done without proper authority from the city, were illegal and unlawful acts, constituting a nuisance for which any individual, suffering damages special to himself, could maintain an action against the defendant.

An action for negligence, as distinguished from an action for trespass, consists in doing a lawful act in an improper, heedless and careless manner. Therefore, that it might appear by proofs that the act of the defendant was not an illegal and unlawful act, and that it was only a careless and negligent one, and that his

liability to the plaintiff, if any, be tested by the rules of law appli-. cable to such cases, he should have been permitted to prove that the act of removing the stones from Third avenue and placing them where he did, was done under and in pursuance of a valid contract with the proper authorities, and was not, in a strict sense, unlawful.

The error is made more manifest, and leads more readily to the conclusion that the trial was conducted on a misconception as to the true grounds of the defendant's liability, by a perusal of the complaint. The allegation therein charges the defendant with unlawful acts in tearing up the public streets and avenues of the city, and placing obstructions therein in front of the premises of the plaintiff's father, with whom she lived and resided.

The plaintiff did not, in her cause of action as set up in the complaint, or by her proofs given on the trial, seek to maintain a cause of action based upon negligence merely, but founded the same entirely upon the illegal and unlawful acts of the defendant.

The judgment should be reversed, also the order denying the defendant's motion for a new trial, and a new trial granted, with costs to abide the event.

DANIELS, J., concurred.

BRADY, P. J. (dissenting):

Assuming that the defendant put the stones mentioned at the place indicated by the authorities, it did not relieve him from the obligation of doing the act in such a way as to secure the safety of persons who might lawfully approach them. The use of a public street for the deposit of materials or debris must always be in such a manner as to insure the wayfarer from danger not occasioned by his own negligence. I dissent therefore.

Judgment reversed, new trial granted, costs to abide event.